Michael J. McQuaid, Esq.
(Bar No. 95871)
W. George Wailes, Esq.
(Bar No. 100435)
Jennifer C. Johnson, Esq.
(Bar No. 95871)
CARR, MCCLELLAN, INGERSOLL,
 THOMPSON & HORN
Professional Law Corporation
216 Park Road
P.O. Box 513
Burlingame, CA 94011-0513
Telephone: (650) 342-9600
Facsimile: (650) 342-7685

Attorneys for Plaintiff
JANINA M. ELDER, TRUSTEE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br>SAND HILL CAPITAL PARTNERS III, LLC, a California limited liability company,<br>Debtor. | Chapter 7<br>No. 08-30989<br>Adv. Pro. No. |
| JANINA M. ELDER, TRUSTEE OF THE BANKRUPTCY ESTATE OF SAND HILL CAPITAL PARTNERS III, LLC, a California limited liability company, Debtor,<br>Plaintiff,<br>vs.<br>MGM GRAND HOTEL, LLC, dba MGM Grand Hotel/Casino, a Nevada limited liability company,<br>Defendant. | **COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS; 11 U.S.C §§ 544, 548, 550 and California Civil Code §§ 3439.04 and 3439.05** |

Janina M. Elder, the duly appointed, qualified, and acting Trustee of the Bankruptcy Estate of Sand Hill Capital Partners III, LLC, a California limited liability company ("Debtor") alleges:

## JURISDICTIONAL ALLEGATIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and 28 U.S.C. §157(a).

2. Alternatively, this Court has jurisdiction pursuant to Article 1, Section 8 of the United States Constitution and the inherent power of the bankruptcy courts to administer and resolve disputes relating to the property of a debtor in bankruptcy.

3. Venue is proper pursuant to 28 U.S.C. §1409(a).

4. This is an adversary proceeding brought pursuant to Bankruptcy Rules 7001 et seq.

5. This is a core proceeding pursuant to 28 U.S.C. §157 (b)(2)(A), (H), and (O).

## GENERAL ALLEGATIONS

6. On or about June 5, 2008 ("Petition Date"), the Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code.

7. Plaintiff has been, since the Petition Date, and now is, the duly appointed, qualified, and acting Trustee of the Chapter 7 estate of the Debtor.

8. Plaintiff is informed and believes and thereon alleges that Defendant MGM Grand Hotel, LLC, dba MGM Grand Hotel/Casino ("Defendant"), is a Nevada limited liability company.

9. Plaintiff is informed and believes and thereupon alleges that at all relevant times William James Del Biaggio, III aka "Boots" Del Biaggio ("Del Biaggio") was a founder and managing member of the Debtor.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers)**

10. Plaintiff alleges paragraphs 1 through 9 here.

11. Plaintiff is informed and believes and thereupon alleges that on or within four years before the Petition Date, the Debtor made transfers of its property to Defendant, in cash or

its equivalent, in the amount of at least $250,000, as set forth below. The actual amount of the transfers will be proven at trial.

| Check Date | Date Check Honored | Check No. | Amount |
|---|---|---|---|
| May 4, 2007 | May 7, 2007 | 1458 | $250,000 |

12. The transfers specified in Paragraph 11 made by Debtor to Defendant, which included payment on account of debts owed exclusively by Del Biaggio to Defendant, may be avoided by Plaintiff in that the transfers were made with the actual intent to hinder, delay, or defraud Debtor's creditors.

13. Plaintiff alleges that the transfers are avoidable pursuant to 11 U.S.C. §544(b), and California Civil Code §3439.04(a), and recoverable pursuant to 11 U.S.C. §550.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**SECOND CLAIM FOR RELIEF**

**(Avoidance and Recovery of Fraudulent Transfers)**

14. Plaintiff alleges paragraphs 1 through 9 and 11 here.

15. The transfers specified in paragraph 11 made by the Debtor to Defendant, which included payment on account of debts owed exclusively by Del Biaggio to Defendant, may be avoided by Plaintiff in that Debtor received less than reasonably equivalent value in exchange for the transfers, and was engaged or was about to engage in business or a transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction; or Debtor intended to incur, or believed that it would incur debts beyond its ability to pay as they became due.

16. Plaintiff alleges that the transfers specified in paragraph 11 are avoidable pursuant to 11 U.S.C. §544(b), and California Civil Code §3439.04(a)(2), and recoverable from Defendant pursuant to 11 U.S.C. §550.

WHEREFORE, Plaintiff prays for judgment as set forth below.

**THIRD CLAIM FOR RELIEF**

**(Avoidance and Recovery of Fraudulent Transfers)**

17. Plaintiff alleges paragraphs 1 through 9 and 11 here.

18. The transfers specified in paragraph 11 made by the Debtor to Defendant, which included payment on account of debts owed exclusively by Del Biaggio to Defendant, may be avoided by Plaintiff in that the Debtor received less than reasonably equivalent value in exchange for the transfers, and was insolvent on the date that the transfers were made, or became insolvent as a result of the transfers.

19. Plaintiff alleges that the transfers specified in paragraph 11 are avoidable pursuant to 11 U.S.C. §544(b), and California Civil Code §3439.05, and recoverable from Defendant pursuant to 11 U.S.C. §550.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FOURTH CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers)

20. Plaintiff alleges paragraphs 1 through 9 here.

21. Plaintiff is informed and believes and thereupon alleges that on or within two years before the Petition Date, the Debtor made transfers of its property to Defendant, in cash or its equivalent, in the amount of at least $250,000, as set forth below. The actual amount of the transfers will be proven at trial.

| Check Date | Date Check Honored | Check No. | Amount |
|---|---|---|---|
| May 4, 2007 | May 7, 2007 | 1458 | $250,000 |

22. The transfers specified in paragraph 21 made by the Debtor to the Defendant, which included payment on account of debts owed exclusively by Del Biaggio to Defendant, may be avoided by Plaintiff in that the transfers were made with the actual intent to hinder, delay, or defraud entities to which the Debtor was or became, on or after the date the transfers were made, indebted.

23. Plaintiff alleges that the transfers specified in paragraph 21 are avoidable pursuant to 11 U.S.C. §548(a)(1)(A), and recoverable pursuant to 11 U.S.C. §550.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## FIFTH CLAIM FOR RELIEF

### (Avoidance and Recovery of Fraudulent Transfers)

24. Plaintiff alleges paragraphs 1 through 9 and 21 here.

25. The transfers specified in paragraph 21 made by the Debtor to Defendant, which included payment on account of debts owed exclusively by Del Biaggio to Defendant, may be avoided by Plaintiff in that the Debtor received less than reasonably equivalent value in exchange for the transfers and was insolvent on the date that the transfers were made or became insolvent as a result of the transfers; or was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or intended to incur or believed that the Debtor would incur debts that would be beyond its ability to pay as such debts matured.

26. Plaintiff alleges that the transfers specified in paragraph 21 are avoidable pursuant to 11 U.S.C. §548(a)(1)(B) and recoverable pursuant to 11 U.S.C. §550.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## PRAYER

### First Through Third Claims for Relief

1. For judgment avoiding each of the transfers specified in paragraph 11 of this Complaint made by Debtor to or for the benefit of Defendant on or within four years before the Petition Date; for judgment in the amount of at least $250,000; for judgment in the amount of any additional sums transferred by the Debtor to or for the benefit of Defendant within four years before the Petition Date; and for interest on all such amounts at the legal rate from the date of the filing of this Complaint until paid in full.

2. For judgment avoiding each of the transfers specified in paragraph 21 of this Complaint made by Debtor to or for the benefit of Defendant on or within two years before the Petition Date; for judgment in the sum of at least $250,000; for judgment in the amount of any additional sums transferred by the Debtor to or for the benefit of Defendant on or within two years before the Petition Date; and for interest on all such amounts at the legal rate from the date of the filing of this Complaint until paid in full.

**On All Claims for Relief**

3. For costs of suit and attorneys' fees incurred here; and

4. For such further and other relief as the Court deems proper.

Dated: May 5, 2009

        Respectfully submitted,

        CARR, McCLELLAN, INGERSOLL, THOMPSON & HORN
        Professional Law Corporation

        By: *Jennifer C. Johnson*
             Jennifer C. Johnson
             Attorneys for Plaintiff
             Janina M. Elder, Trustee